**FILED**
**FEBRUARY 4, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**08 C 755**

**JUDGE COAR**
**MAGISTRATE JUDGE COX**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYRONE JONES, | |
| Plaintiff, | |
| v. | No. |
| KIMBERLY COLEMAN, | |
| Defendant. | |

# COMPLAINT AT LAW

NOW COMES the PLAINTIFF, by and through the LAW OFFICES OF BLAKE HORWITZ, LTD., and pursuant to this Complaint at Law, states the following against the above named Defendant, KIMBERLY COLEMAN (hereinafter the DEFENDANT PAROLE OFFICER).

## JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2. PLAINTIFF is a resident of the State of Illinois and of the United States.

3. The DEFENDANT PAROLE OFFICER was at all times relevant hereto employed by and acting on behalf of the Illinois Department of Corrections. At all times material to this complaint, the DEFENDANT PAROLE OFFICER was acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the State of Illinois and Illinois Department of Corrections.

1

**FACTS**

4.  On or about May 9, 2006, the DEFENDANT PAROLE OFFICER proximately caused an unreasonable seizure/false arrest of the PLAINTIFF. This conduct violated the Fourth Amendment to the United States Constitution.

5.  On or about May 9, 2006, PLAINTIFF called to report into the parole office, as he was required to do. PLAINTIFF always complied with the terms and conditions of his parole by reporting as required.

6.  Despite that fact the PLAINTIFF never failed to report nor committed any criminal activity in violation of his parole, PLAINTIFF was sent to prison on May 9, 2006 and kept in there for violating his parole. PLAINTIFF was wrongfully held in prison for approximately 72 days until he went before the parole board and was released.

7.  The DEFENDANT PAROLE OFFICER falsely arrested/proximately caused the false arrest and incarceration of PLAINTIFF for parole violation.

8.  The DEFENDANT PAROLE OFFICER charged and/or participated in the charging of PLAINTIFF with a parole violation and/or criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT PAROLE OFFICER failed to observe and/or learn that PLAINTIFF had committed a parole violation or criminal activity of any sort. The DEFENDANT PAROLE OFFICER did not have probable cause to believe that criminal activity and/or a parole violation took place relative to the PLAINTIFF.

9.  On or about May 9, 2006, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

10. On or about May 9, 2006, PLAINTIFF had not committed a parole violation.

11.    At no time did PLAINTIFF commit a parole violation.

12.    At no time did PLAINTIFF fail to report to the parole office.

13.    As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT PAROLE OFFICER, PLAINTIFF was caused to suffer damages.

14.    On or about May 9, 2006, the DEFENDANT PAROLE OFFICER was on duty at all times relevant to this complaint and was duly appointed police officer for the Illinois Department of Corrections and the State of Illinois.  The DEFENDANT PAROLE OFFICER engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty.  This action is being brought with regard to the individual capacity of the DEFENDANT PAROLE OFFICER.

### COUNT I
### §1983 False Arrest

15.    PLAINTIFF re-alleges paragraphs 1 – 14 as though fully set forth herein.

16.    The actions of the DEFENDANT PAROLE OFFICER caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity and/or a parole violation.  Therefore, the conduct of the DEFENDANT PAROLE OFFICER was in violation of the Fourth Amendment to the United States Constitution.

17.    The aforementioned actions of the DEFENDANT PAROLE OFFICER were the direct and proximate cause of the Constitutional violations set forth above.

   WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT PAROLE OFFICER.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT PAROLE OFFICER.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

s/ Blake Horwitz_____
Attorney for the Plaintiff
Blake Horwitz

**THE LAW OFFICES OF BLAKE HORWITZ, LTD.**
155 N. Michigan Ave., Suite 723
Chicago, IL  60601
(312) 616-4433
(312) 565-7173 (Fax)